# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____1:18-cv-01604_____

LISA C. NAVE,

      Plaintiff,

v.


DIVERSIFIED CONSULTANTS, INC.,

      Defendant.

---

# COMPLAINT

---

NOW comes LISA C. NAVE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion the events or omissions giving rise to the claims occurred within the District of Colorado.

PARTIES

4.   Plaintiff is a homeless veteran of the United States Military who was domiciled within the District of Colorado for a large portion of the events or omissions giving rise to the claims.

5.   Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

7.   On or around October 7, 2017 Plaintiff started receiving phone calls to her cellular phone, (210) XXX-8633, from Defendant.  Plaintiff was domiciled in the District of Colorado at this time.

8.   Plaintiff advised Defendant that she did not wish to receive phone calls from it.

9.   Plaintiff has another cellular phone number, (918) XXX-2636, which she has also received phone calls from Defendant on throughout 2018.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phones ending in 8633 and 2636. Plaintiff is and always has been financially responsible for the cellular phones and their services.

11. Defendant mainly uses the phone numbers (855) 700-8339, (210) 987-3581, (210) 318-4854, and (210) 318-4805 when placing calls to Plaintiff's cellular phones but it has used other numbers as well.

12. Upon information and belief, all of the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

13. Upon speaking with Defendant, Plaintiff has been informed that it was seeking to collect upon an outstanding utility bill from Spectrum ("subject consumer debt") which she purportedly owed.

14. Spectrum turned the collection of the subject consumer debt over to Defendant after Plaintiff allegedly defaulted.

15. Plaintiff has explained her situation to Defendant, including the fact that she is homeless and unable to make any payment arrangements. Moreover, Plaintiff has repeatedly told Defendant that its calls were not welcomed.

16. Despite clear notice from Plaintiff that the calls were unwanted, Defendant has continued to call her cellular phone numbers with attempts to collect upon the subject consumer debt up until the filing of the instant action.

17. Plaintiff has received *at least* 15 phone calls from Defendant since asking it to stop calling.

18. Frustrated over Defendant's continued conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

19.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of her telephone services, loss of cellular phones' capacity, diminished cellular phone functionality, decreased battery life on her cellular phones, and diminished space for data storage on her cellular phones.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1996.[2]

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a.  **Violations of FDCPA §1692c(a)(1) and §1692d**

---

[2] http://www.acainternational.org/search#memberdirectory

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 15 times after she made it clear payment was not going to be made and demanding that it stop.  This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

28. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to her.

**b.  Violations of FDCPA §1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

31. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that it stop

contacting her, Defendant continued to ceaselessly contact Plaintiff via automated calls.  Instead of putting an end to this harassing behavior, Defendant systematically placed voluminous calls to Plaintiff's cellular phones in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

### c.  Violations of FDCPA §1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 15 times after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

34.  Moreover, Defendant purposely and unfairly "spoofed" the numbers that it called Plaintiff from in an attempt to trick her into answering.  Defendant purposely changed the area code in which it called from with the goal of getting Plaintiff to answer.

35. As pled in paragraphs 18 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LISA C. NAVE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 26, 2018                        Respectfully submitted,

s/ Nathan C. Volheim                        s/Taxiarchis Hatzidimitriadis
**Nathan C. Volheim**                       **Taxiarchis Hatzidimitriadis**
Sulaiman Law Group, Ltd.                    Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                     Lombard, Illinois 60148
(630) 568-3056 (phone)                      (630) 581-5858 (phone)
nvolheim@sulaimanlaw.com                    thatz@sulaimanlaw.com
*Attorney for Plaintiff*                    *Attorney for Plaintiff*